I do not agree that the term "primary physical custody," despite being a term that is not defined in § 30-3-151, Ala. Code 1975, is unclear or confusing, at least as a general rule. The trial courts of this state commonly use that term, as does this court and our Supreme Court.
Nor do I agree with the suggestion in the main opinion that only one reasonable meaning — that which is given in § 30-3-151 — can be considered for the term "joint custody" in a given trial court judgment or order. Our purpose as an appellate court is to discern the intent of the lower court's judgment or order, and the fact of the matter is that our trial courts and even this court, on occasion and sometimes carelessly, use the term "joint custody" other than in precise compliance with the definition thereof in § 30-3-151(3), Ala. Code 1975 (i.e., it sometimes is used as a reference either to joint physical custody or to joint legal custody, rather than to both). Although it might be preferable if all judges always used the term "joint custody" in precise compliance with the manner in which it is defined by the statute, the practical fact is that, either by custom or by mistake, that is not always the case. Thus, it can be important to examine the context in which the term is used.
In this case, however, the context in which the term "joint custody" is used implicates other provisions of the trial court's judgment that prescribe weekly alternation of physical custody between the two parents, thus making it clear that the term "joint custody" in the trial court's order here should be construed as including joint physical custody, as well as the preexisting joint legal custody. I therefore concur in the result reached by the main opinion.
 PITTMAN, J., concurs. *Page 344